```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA           *

       vs.                         *    CRIMINAL NO. MJG-95-0095

TERRY FENNER                       *

\*       \*       \*       \*       \*       \*       \*       \*       \*

<u>MEMORANDUM AND ORDER RE: § 3582(c) MOTION</u>

The Court has before it Defendant's <u>pro</u> <u>se</u> Motion Pursuant to 3582(c)(2) as to Amendment 782 [ECF No. 196] and the materials submitted relating thereto. The Court finds no need for a hearing.

On November 9, 1995, Petitioner was found guilty by a jury of Count One, Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 846; Count Two, Use of a Firearm in Connection with Drug Trafficking, in violation of 18 U.S.C. § 924(c); and Count Four, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g).

On April 29, 1996, the Court issued the Memorandum Re: Sentencing Determinations. As stated therein, the Defendant's Offense Level was determined to be 43, based upon the application of the cross-reference to U.S.S.G. § 2A.1.1 (First degree murder). Since the Defendant's Criminal History Category was VI, the Guideline sentencing range was life imprisonment, a sentence greater than the 55-year total of the maximum sentences for the three counts of conviction. Therefore, on June 10, 1999, the Defendant was

sentenced to 40 years on Count One, 10 years on Count Two and 5 years on Count Four, all consecutive for a total of 55 years.

The instant motion is based upon 18 U.S.C. § 3582(c)(2) that provides, in relevant part:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . .

Guidelines Amendment 782 amended U.S.S.G. § 2D1.1 to adjust the Drug Quantity table downward by two Offense Levels. That is, an Offense Level that had been determined prior to the amendment based upon a quantity of drugs would be reduced by two levels so that there could be a reduced sentence if certain conditions were met. The Defendant's Offense Level was not determined by reference to the Drug Quantity Table. The amendment had no effect upon the Offense Level or the sentence imposed on the Defendant. Therefore, the motion must be denied.

For the foregoing reasons, Defendant's pro se Motion Pursuant to 3582(c)(2) as to Amendment 782 [ECF No. 196] is DENIED.

SO ORDERED, this Wednesday, February 01, 2017.

/s/
Marvin J. Garbis
United States District Judge