IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CRIMINAL NO. MJG-95-0095 |
| TERRY FENNER | * | |

\* \* \* \* \* \* \* \* \*

<u>MEMORANDUM AND ORDER RE: § 3582(c) MOTION</u>

The Court has before it Defendant's Motion for Reduced Sentence Under 18 U.S.C. §3582(C)(2) Based on Retroactive Application of Amendment 599 to The U.S. Sentencing Guidelines [ECF No. 200] and the materials submitted relating thereto. The Court finds no need for a hearing.

On November 9, 1995, Petitioner was found guilty by a jury of Count One, Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 846; Count Two, Use of a Firearm in Connection with Drug Trafficking, in violation of 18 U.S.C. § 924(c); and Count Four, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g).

At sentencing, this Court grouped Counts One and Four, and applied the cross-reference provision of U.S.S.G. § 2K2.1(c)(1)(B) to determine Petitioners' base offense level. <u>United States v. Fenner</u>, 147 F.3d 360, 362 (4th Cir. 1998). The Court found that, because the victim (Robert Holley) was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, Petitioner's base offense level was 43 after employing the first-degree murder

guideline in U.S.S.G. § 2A1.1.[1]  Because Petitioner's Criminal
History Category was VI, the Guideline sentencing range was life
imprisonment, a sentence greater than the 55-year total of the
maximum sentences for the three counts of conviction.  The Court
sentenced Petitioner to 40 years of incarceration on Count One, 10
years on Count Two, and 5 years on Count Four, all consecutive, for
a total of 55 years.  The conviction and sentence were affirmed on
appeal.  Fenner, 147 F.3d at 360.

The instant motion is based upon 18 U.S.C. § 3582(c)(2) that
provides, in relevant part:

> "in the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing range
> that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), . . . the
> court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a)
> to the extent that they are applicable, if such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing Commission."

Amendment 599 to the Guidelines, which took effect on November 1,
2000, amended U.S.S.G. § 2K2.4 by adding what was known as
"Application Note 2" at the time:[2]

> "If a sentence under this guideline is imposed in
> conjunction with a sentence for an underlying
> offense, do not apply any specific offense
> characteristic for possession, brandishing, use, or

---

[1]  No adjustments for special offense characteristics were made.
[2]  United States v. Goines, 357 F.3d 469, 472 n. 2 (4th Cir. 2004)
("The modifications to Note 2 enacted in Amendment 599 now appear
in Application Note 4 to U.S.S.G. § 2K2.4.").

2

> discharge of an explosive or firearm when
> determining the sentence for the underlying
> offense. A sentence under this guideline accounts
> for any explosive or weapon enhancement for the
> underlying offense of conviction, including any
> such enhancement that would apply based on conduct
> for which the defendant is accountable under § 1B1.3
> (Relevant Conduct). . . ."

U.S.S.G. § 2K2.4.

"Amendment 599 was drafted to clarify the circumstances under which sentencing courts could impose a weapons enhancement." United States v. Terrell, No. CR 7:99-610-HMH, 2010 WL 4609111, at *3 (D.S.C. Nov. 3, 2010)(unpublished), aff'd, 414 F. App'x 527 (4th Cir. 2011). It seeks to avoid impermissible double counting or duplicative punishment for enhancements based on firearm possession.

In this case, the underlying offense for Petitioner's conviction under § 924(c) was a drug trafficking crime, i.e., conspiracy to distribute and possession with intent to distribute cocaine and heroin.[3] The base offense level of 43 for the drug trafficking crime was not increased by specific offense characteristics and thus no double counting occurred. The § 2K2.1(c)(1)(B) cross-reference to murder is not a weapons enhancement and is not prohibited by Amendment 599.[4]

---

[3] In violation of 21 U.S.C. § 846.
[4] For this reason, Petitioner's reliance on United States v. Meeks, 88 F. App'x 677, 678 (4th Cir. 2004) is inapposite.

The Fourth Circuit rejected a similar claim in <u>United States v. Palmer</u>, 62 Fed. Appx. 489, 491, stating:

> [Appellant] argues that Application Note 2 to §2K2.4 . . . prohibits application of the cross reference in § 2K2.1(c)(1)(A) for use or possession of a firearm in connection with another offense when the defendant is also convicted of violating § 924(c) because the cross reference covers the same conduct as that covered by § 2K2.1(b)(5), an enhancement which is specifically prohibited in § 2K2.4. In his view, the same reasons the Sentencing Commission put forward for excluding the enhancement under § 2K2.1(b)(5) "compel the conclusion" that the Sentencing Commission did not intend to allow use of the cross reference to compromise its purpose for the amendment. We disagree. Application Note 2 specifically prohibits a weapon enhancement under § 2K2.1(b)(5), but does not prohibit application of the cross reference in § 2K2.1(c)(1)(A). The Sentencing Commission could have, but did not, prohibit application of the cross reference in cases such as [Appellant's].

For the same reasons, Amendment 599 does not prohibit the cross reference in 2K2.1(c)(1)(B). Accordingly, Petitioner's Motion for Reduced Sentence Under 18 U.S.C. §3582(C)(2) Based on Retroactive Application of Amendment 599 to The U.S. Sentencing Guidelines [ECF No. 200] is DENIED.

SO ORDERED, this <u>Friday, May 04, 2018</u>.

<u>        /s/          </u><br>
Marvin J. Garbis<br>
United States District Judge